# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

German Barajas,

      Plaintiff,

vs.

Byrnecut US Corporation., et al.,

      Defendants.

Case No. 2:25-cv-00473-RFB-MDC

**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 22)**

  The Court has considered the defendants' *Motion to Stay Discovery* (ECF No. 22) ("Motion"). The Court **GRANTS** the Motion.

  The Court finds staying discovery is appropriate in this case. Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two

elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

The defendants filed a motion to dismiss, in which they argue that plaintiff has failed to state a claim. *ECF No. 21*. Plaintiff argues that he is generally concerned with evidence preservation, but he does not state that he needs discovery to resolve the motion to dismiss. *ECF No. 24*. Reviewing the Motion in the light most favorable to the plaintiff, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery, as no discovery is needed to determine whether the plaintiff has stated a claim. Plaintiff's concerns regarding preservation of evidence are broad and general and are not sufficient to preclude a stay. Moreover, a parties' duty to preserve evidence reduces plaintiff's concern. *See Stedeford v. Wal-Mart Stores, Inc.,* No. 2:14-CV-01429-JADPAL, 2016 WL 3462132, at *4 (D. Nev. June 24, 2016)("Once a party is on notice of a potential claim, it is under a duty to preserve evidence which it knows, or reasonably should know, is relevant to the claim or potential litigation.").

The defendants, on the other hand, would be prejudiced if discovery commenced now because it would effectively deny them of their argument that plaintiff failed to state a claim. Allowing the case to move forward would also prejudice the defendants given that plaintiff's claims, and discovery, may at least be narrowed which would decrease the expense of litigation. The Court finds that the motion to dismiss can be decided without further discovery. The Court also finds good cause to stay discovery until the Court resolves the issues the defendants raise in the motion to dismiss.

**IT IS ORDERED** that:

1. Defendants' *Motion to Stay Discovery* (ECF No. 22) is **GRANTED.** Discovery in this matter shall be stayed pending resolution of defendants' motion to dismiss (ECF No. 21).

2. If the Court denies' the defendants' motion to dismiss (ECF No. 21), <u>within two weeks of the entry of the Court's order</u>, the parties shall meet and confer and file either (1) a stipulation to enter a scheduling order for inmates in compliance with Local Rule 16-1(b) or (2) a motion

to enter a scheduling order that details the parties disagreements regarding why they could not file a stipulation.

Dated: August 29, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge